## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBORAH DEMOSS, and | ) |
| RICHARD W. DICKERHOFF, | ) |
| Plaintiffs, | ) |
| v. | ) No. CIV-2016- 64-R |
| THE BOEING COMPANY, | ) ADEA/STATE LAW CLAIMS |
| | ) ARISING IN OKLAHOMA COUNTY |
| Defendant. | ) JURY TRIAL DEMANDED |

## COMPLAINT

**COME NOW THE PLAINTIFFS** and allege that:

### PARTIES

1. The Plaintiffs are:

    A. Deborah DeMoss, an adult resident of Canadian County, Oklahoma, and

    B. Richard W. Dickerhoff, an adult now residing in the State of Kansas.

2. The Defendant is The Boeing Company, a corporation doing business in Oklahoma County, Oklahoma.

### JURISDICTION AND VENUE

3. This is a cause of action for discrimination based age and retaliation for complaining of such discrimination as is prohibited by the ADEA and Oklahoma's Anti-Discrimination Act (OADA). Jurisdiction over the ADEA claim is vested pursuant to 29 U.S.C. § 626(c) and 28 U.S.C. § 1331. Jurisdiction over the state law claim is vested under 28 U.S.C. § 1367.

4. All of the actions complained of occurred in Oklahoma County, Oklahoma, and the Defendant may be served in that county, wherefore venue is proper in this

Court under 28 U.S.C. § 1391(b).

**STATEMENT OF FACTS**

5. Both Plaintiffs were at the time of the relevant adverse actions over forty (40) years old.

6. The Defendant employed more than twenty (20) persons for each week of the year before, during, and after the termination of each Plaintiff.

7. Ms. DeMoss had worked for the Defendant from approximately August 2005 in the position of Financial Analyst until her involuntary termination on or about Oct. 5, 2015.

8. Mr. Dickerhoff was employed as a Financial Analyst since approximately July 30, 1978 until notice of his involuntary termination as part of a claimed Reduction in Force. This notice came during the first week of October 2015 with the termination to be effective Dec. 11, 2015.

9. Both of the Plaintiffs were qualified for their respective positions as financial analysts and had performed in such positions until their termination.

10. After the termination of each Plaintiff, the position of Financial Analyst and the job grade possessed by each Plaintiff continued to exist with persons significantly younger than each Plaintiff, and the proposed class, remaining employed in such positions.

11. The Plaintiffs, and the members of the proposed class, were commonly employed in Defendant's financial analyst division and to Plaintiffs' knowledge and belief the decision-makers for each Plaintiff involved at least some if not all of the same group of persons.

12. Defendant engaged in a pattern of terminating the older members of its

      Financial Analyst positions in Oklahoma City as is shown by the affixed disclosures made in connection with such termination.

13. Defendants were overheard planning to replace the persons terminated as part of the purported RIF as soon as the RIF waiting periods were completed.

14. Defendant violated the Older Worker's Benefit Protection Act (OWBPA) by failing to make the required disclosures of the termination units and persons terminated and retained, thus rendering any purported releases under the OWBPA invalid.

## COUNT I

For Ms. DeMoss' cause of action she incorporates all prior allegations and further alleges as follows:

15. During Plaintiff's employment, Plaintiff was subjected to unequal terms and conditions of work in that younger employees were given more favorable work assignments and opportunities for training and advancement than Plaintiff or other older employees.

16. Plaintiff's manager was, by appearance, more than five years younger than her and associated only with the younger employees, ignoring Plaintiff and other older employees. There were age-related comments made towards her and other older employees within management hearing and with management sometimes participating in and expressing approval of such comments.

17. In approximately 2014 it became known that The Boeing Company was going to reduce its workforce and the Company began targeting older employees for termination or severance.

18. Plaintiff DeMoss was placed on a Performance Improvement Plan (PIP)

without justification and then given unreasonable expectations with the intention of terminating Plaintiff. The nature of the PIP for the Plaintiff was pretextual and known to be pretextual by management because approximately a week prior to being placed on the PIP Plaintiff was told she was doing a 'great job' and was going to be given additional work.

19. Plaintiff filed an internal complaint of age discrimination on or about Sept. 2, 2015. Plaintiff's complaint has not been resolved as of Plaintiff's termination.

20. As a direct result of her age and complaints of age discrimination, Plaintiff was terminated from her employment on or about Oct. 5, 2015.

21. As the direct result of Plaintiff's termination, she has suffered lost wages and benefits, which losses are continuing.

22. Under the anti-retaliation provisions of the ADEA, Plaintiff is entitled to recover for her dignitary harms.

23. The reason for Plaintiff's termination was her age and her complaint of age discrimination.

24. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on or about Nov. 4, 201,5 asserting discrimination based on her age and retaliation for her complaint and reports of discrimination.

## COUNT II

For Mr. Dickerhoff's cause of action he incorporates all prior allegations and further alleges as follows:

25. During his employment Plaintiff Dickerhoff noticed a pattern of discrimination against older employees by being subjected to unfavorable work assignment and being denied the opportunity to move or transfer on equal terms.

26. Plaintiff was, up until the date of his termination, being required to train persons to replace Plaintiff, with one of the trainees being, to his observation, in their early thirties.

27. Plaintiff heard comments reflecting an intention to hire new employees for the positions being eliminated in the claimed Reduction in Force.

28. Plaintiff saw lists showing that among Financial Analysts, the oldest persons in each grade were always terminated while the youngest persons were always retained. Such lists are affixed as Exhibit 1.

29. To Plaintiff's knowledge, there were no performance or qualification issues which caused termination.

30. Plaintiff was given notice of his termination in October 2015, with the termination effective Dec. 11, 2015.

31. There were positions within the Financial Analyst department which Plaintiff was qualified to hold and which were retained by younger employees instead of the Plaintiff.

32. As the direct result of Plaintiff's termination, he has suffered lost wages and benefits, which losses are continuing.

33. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on or about Nov. 17, 2015, asserting discriminatory termination based on his age. The ADEA does not require issuance of a right to sue letter and Plaintiff filed this action more than sixty (60) days after having filed his charge of discrimination but within ninety (90) days after such period had expired. By this action all state and federal administrative requirements for his wrongful termination actions are fulfilled under the ADEA and Oklahoma

law.

## COUNT III

For their third cause of action, the Plaintiffs show that this case should be certified as a class action. Plaintiffs incorporate all prior allegations and further state as follows:

34. The class is the group of Defendant's employees working in the Financial Analyst position in Oklahoma City.

35. All members of the group were selected for termination as a result of their age.

36. All members of the group were terminated or given notice of termination at the same time or within weeks of each other.

37. The decision-makers for the terminations were the same or an overlapping group of Defendant's managers.

38. As a result, the legal and factual issues common to all members of the class predominate over any distinct issues.

39. The class members, having been terminated from their employment, are now geographically dispersed such that there is no means of commonly bringing their action that is as reasonably efficient as proceeding via a class action.

## PRAYER

**WHEREFORE,** each Plaintiff prays that he or she and the members of the class be awarded actual and liquidated damages herein together with costs, pre- and postjudgment interest and attorney's fees and any other relief as may be appropriate. Ms. DeMoss also claims damages for dignitary harm under the anti-retaliation provisions of the ADEA.

Respectfully submitted this 27th day of January, 2016.

        S/Mark Hammons
        _____

Hammons, Gowens, Hurst, & Associates
Mark Hammons  OBA # 3784
325 Dean A. McGee Ave.
Oklahoma City, OK, 73102
(405) 235-6100
FAX: (405) 235-6111
Mark@hammonslaw.com

JURY TRIAL DEMANDED
**ATTORNEY LIEN CLAIMED**