# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBORAH DEMOSS and<br>RICHARD W. DICKERHOFF,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOEING COMPANY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) CIV-16-64-R<br>)<br>)<br>)<br>) |

## ORDER

Defendant has filed a Motion to Dismiss (Doc. No. 7), to which Plaintiff has responded and Defendant has replied. Having considered the parties' submissions, the Court finds as follows.

Defendant sought dismissal of Count III of the Plaintiff's complaint, operating under the apparent misconception that Plaintiffs were seeking to pursue an ADEA collective action asserting the invalidity of certain notices provided by Defendant with regard to the layoff of employees. Defendant argued that neither Plaintiff alleged execution of a release of claim under the ADEA, and therefore they lacked standing to challenge the notice provided by Defendant pursuant to the Older Worker's Benefit Protection Act ("OWBPA"). In response Plaintiffs note they did not seek declaratory relief with regard to the invalidity of any notice under the OWBPA and state they are amenable to the striking of certain language from paragraph 14, wherein they alleged that releases under the OWBPA were invalid. In reply Defendant argues that if Plaintiffs are permitted to "amend" their complaint, Defendant

1

should be granted leave to file a second motion to dismiss to address specific factual deficiencies in the pleading of Count III of the Complaint.

As it is apparent that Plaintiffs are not seeking a determination by the Court that the OWBPA releases were invalid, Defendant's Motion to Dismiss is DENIED. Additionally, the Court finds no need to strike the language from Plaintiff's Complaint, as it is not entirely irrelevant to Plaintiff's ADEA allegations. As such, no amendment is necessary.

IT IS SO ORDERED this 4th day of April, 2016.

*David L. Russell* (signature)
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE